# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JENNIFER LYNN FAULK | § | |
| | § | |
| v. | § | Case No. 2:15-CV-1648-JRG-RSP |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION

On June 17, 2014, Administrative Law Judge Ralph F. Shilling issued a decision finding that Petitioner Jennifer Lynn Faulk was not disabled within the meaning of the Social Security Act from April 14, 2012 through the date of the decision. Ms. Faulk, who was 28 with a high school education and some nursing school at that time, was found to be suffering from severe impairments including shoulder impingement syndrome with a history of fractures to the shoulder, ankle and forearm, as well as bipolar disorder and posttraumatic stress disorder. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least April 14, 2012. Before that time she had worked as a grocery cashier, nurse's aide, and glazer. She was not able to return to that kind of work.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform the full range of light work, as defined in the Social Security Regulations, except that she has an inability to reach overhead with the left upper extremity and an inability to handle and finger on more than a frequent basis with the right upper extremity. She remains capable of understanding, remembering and carrying out short and simple instructions, asking simple questions or requesting assistance and

1

maintaining attention for two-hour segments. She is limited to occasional public contact and requires minimal coworker or supervisory interaction.

Considering Petitioner's age, education, work experience and RFC, the ALJ relied upon the testimony of a Vocational Expert and found that Petitioner had the residual functional capacity to perform jobs that exist in significant numbers in the national economy, such as "photo copy machine operator," "marker," and "cutter and paster" as these jobs are described in the Dictionary of Occupational Titles published by the Department of Labor. Petitioner appealed this finding to the Appeals Council, which denied review on August 19, 2015. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises three issues on this appeal:

1. The ALJ erred in finding that the medically determinable impairments cannot reasonably be expected to produce the symptoms to the degree alleged by claimant.

2. The ALJ's residual functional capacity ("RFC") finding is erroneous.

3. The ALJ erred in finding that Ms. Faulk can perform jobs existing in significant numbers in the national economy.

*Issue No. 1:*

Petitioner complains first that the ALJ erred in finding her complaints of pain and disability to not be credible in view of the medical evidence. Specifically, the ALJ found "that the claimant's medically determinable impairments cannot reasonably be expected to produce the symptoms to the degree alleged by the claimant." Tr. at 27. Petitioner discusses some of the findings of Dr. Grant and Dr. Mount concerning Petitioner's poor ability to manage stress in the workplace. However, the ALJ discussed all of the records at great length and in great detail, especially at pages 4-10 and 15-17 of his opinion. The ALJ noted that there were no reports of treating physicians in the record, but there were many examining and consultative physician records. The only one that strongly supported Petitioner's claim of disability was Dr. Mount, who was retained by her counsel to perform an examination. The ALJ offered detailed and persuasive reasons to discount that opinion based on the other medical evidence.

Considering the record as a whole, the Court finds that substantial evidence supports the above findings and that they provide ample support for the ALJ to discount the very broad statements of disability by the Petitioner.

*Issue No. 2:*

Petitioner contends that the RFC of the ALJ was not supported by substantial evidence. Petitioner's brief makes clear that she is relying on the first issue as the basis for the attack on the RFC. Petitioner also asserts that the ALJ did not properly consider Petitioner's ability to keep a job, even if the job were within her functional capacity. However, the reports of Dr. Cox and Dr. Grant support the ALJ's conclusion that Petitioner has the capacity, especially when she complies with her treatment, to perform and hold a job. The exertional aspects of the RFC adopted by the ALJ were expressly endorsed by Dr. Samaratunga, and the psychological aspects were endorsed by Dr. Cox. More than substantial evidence supports the finding of the ALJ as to Petitioner's residual functional capacity.

*Issue No. 3:*

Petitioner's final challenge to the decision is that substantial evidence does not support the finding of the ALJ that she is able to perform work available in significant numbers in the national economy. Like the first two issues, this third issue is based primarily on the argument put forward on the first issue. The ALJ did not rely upon the "Grids" to determine whether jobs were available for Petitioner within the restrictions set forth in the RFC. Instead, the ALJ obtained the testimony of a vocational expert, Suzette Skinner, at the hearing. Petitioner was represented by able counsel at the hearing and there was no challenge to the expert's testimony. Accordingly, the Court finds that substantial evidence supports the finding that such employment exists within the national economy.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is AFFIRMED and this action is DISMISSED.

**So ORDERED and SIGNED this 27th day of March, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE